1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

18

JUDY SINGLEY, individually and as
Guardian for DANA LOUISE SINGLEY,

                Plaintiffs,

          v.

AACRES/ALLVEST, LLC, a Limited Liability
Corporation, and the STATE OF
WASHINGTON, DEPARTMENT OF
SOCIAL AND HEALTH SERVICES,
DIVISION OF DEVELOPMENT
DISABILITIES,

               Defendants.

Case No. C09-5443 RBL

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT
DISMISSING DEFENDANT
AACRES/ALLVEST, LLC

19

20

21

22

      This matter comes before the Court on motion of Defendant Aacres/Allvest, LLC for

summary judgment dismissing this Defendant from this action as a misidentified improper party.

The Court has considered the pleadings filed in support of and in opposition to the motion, and the

remainder of the file, and **GRANTS** the motion as discussed herein.

23

**Introduction and Background**

24

25

      Plaintiff Dana Louis Singley is severely developmentally disabled.  Plaintiff Judy Singley is

26

ORDER - 1

1  the mother and legal guardian of Dana.  The Plaintiffs' allege that Ms. Singley lived as a resident of

2  Defendant Aacres/Allvest, LLC's facility located at 4004 67th Street, Tacoma, Washington; that

3  Aacres/Allvest was in charge of the care and protection of Ms. Singley in the supported living

4  facility; that on June 22, 2007, Aacres/Allvest wrongfully terminated Ms. Singley's services,

5  thereby breaching an agreement between the Washington State Department of Social and Health

6  Services and Aacres/Allvest, and violating Title II of the Americans with Disabilities Act, the

7  Rehabilitation Act of 1973, the Medicaid Act, 42 U.S.C. § 1983, public policy against retaliatory

8  eviction for exercise of free speech, and a fiduciary duty owed by Aacres/Allvest to Ms. Singley.

9      In the Answer to Plaintiff's Complaint, filed and served on August 6, 2009, Defendant

10  Aacres/Allvest notified Plaintiffs that they had misidentified the proper Defendant:

11          It is denied that this answering defendant, Aacres/Allvest,
            LLC, is a proper party to this litigation. Aacres Allvest,
12          LLC did not provide services to Dana Louise Singley.
            Those services were provided by Aacres Landing, Inc. The
13          termination of those services was also done by Aacres
            Landing, Inc. Aacres Landing, Inc has not been served
14          and is not a party to this litigation. Therefore, all
            allegations herein against Aacres/Allvest, LLC are denied
15          for lack of sufficient information.

16  Dkt. 18. Pg. 2

17      Defendant Aacres/Allvest, LLC had previously informed Plaintiffs on July 24, 2009, that it

18  was an improper party Defendant in Answers to Requests for Admissions of Fact.  The Answers set

19  forth information notifying Plaintiffs that Aacres/Allvest did not provide services to Dana Louise

20  Singley, that those services were provided by Aacres Landing, Inc., the termination of those

21  services was done by Aacres Landing, Inc., and the notice of termination of Ms. Singley's services

22  was signed by the executives of Aacres Landing, Inc.  Dkt 18 pg. 2.

23      On December 11, 2009, Aacres/Allvest's  Fed. R. Civ. P. 26 initial disclosure again notified

24  Plaintiffs that Defendant was not the proper party to this litigation.  Defendant also disclosed a

25  number of persons as individuals with discoverable factual information, including the "true

26  ORDER - 2

1   corporate identity." These named individuals were identified as former officers and employees of

2   Aacres Landing, Inc. Dkt. 18 pg. 14 - 18.

3        The Plaintiffs, not having amended their complaint to name the proper Defendant,

4   Aacres/Allvest LLC filed the instant motion for summary judgment.

5        The Plaintiffs response requests the Court deny the motion on the basis that there exist

6   genuine issues of fact as to the proper identity of the Defendant, or in the alternative, grant a

7   continuance on the basis that additional discovery is warranted regarding the corporate identity of

8   Defendant.

9        Plaintiffs assert that they conducted a search of state incorporation records and determined

10   that Acres Landing, Inc., is not a registered entity in Washington, or any other state, nor does it do

11   business in Washington. However, the Defendant has submitted documentary evidence in response

12   reflecting that Aacres Landing, Inc., filed its Articles of Incorporation in Washington on November

13   18, 1980, and that Aacres Landing, Inc. was issued a Unified Business ID Number 600-387-852,

14   which registration and license expired on November 30, 2007. Dkt. 23 pg. 28 - 34. The name of

15   Aacres Landing, Inc., was changed to Aalan Holdings, Inc. on August 6, 2007, and Aalan Holdings,

16   Inc. was officially dissolved on March 3, 2008. Dkt. 23 pg. 75-77.

17        Plaintiffs also assert that in prior litigation in Pierce County Superior Court regarding the

18   care of Ms. Singley, Defendant Aacres/Allvest was a named Defendant that eventually settled with

19   these same Plaintiffs, represented by current counsel. Plaintiffs argue that in the Pierce County

20   litigation, there was no mention that Aacres/Allvest, LLC was an improper party or that they were

21   not responsible for providing care and services to Plaintiff Dana Singley. Again, in response the

22   Defendant documents that in the Answer to the complaint in the Pierce County litigation, filed

23   October 20, 2006, Aacres/Allvest denied that it was in charge of the care and protection of the

24   Plaintiff and further denied that it was a provider of supported living services in Pierce County.

25   Dkt. 23 pg. 6 and 13. Additionally, the Answer contained an affirmative defense that

26   ORDER - 3

1   Aacres/Allvest, LLC did not run the program Plaintiff was in nor did it exercise any control over

2   Plaintiff or her living space, thus is not liable under any theory.  Dkt. 23 pg 16.  The settlement

3   agreement, upon which Plaintiffs rely, was executed on behalf of the named Defendant,

4   Aacres/Allvest, LLC., and the proper party, Aacres Landing, Inc.

5          Additional evidence of the identity of the proper Defendant is the Client Service Contract

6   executed between the State of Washington, Department of Social and Health Services and Accres

7   Landing Corp.  Dkt. 17 pg 5.

8          Finally, the former co-owner of Aacres Landing, Inc., Rex Garrett, states that "the corporate

9   entities Aacres Allvest, LLC, and Aacres Landing, Inc., are separate and distinct corporate entities.

10  One does not own the other nor possess any ownership shares therein."  He further states that

11  Aacres/Allvest, LLC "did not have a contract with the State of Washington, or any other entity that

12  obligated it to provide any services to Dana L Singley."  Dkt. 17, page 1-3.

13                                  **Summary Judgment Standards**

14         A party is entitled to summary judgment if that party can demonstrate "that there is no

15  genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

16  of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary

17  evidence produced by the parties permits only one conclusion.  Anderson v. Liberty Lobby, Inc.,

18  477 U.S. 242, 251 (1986).

19         The party seeking summary judgment bears the initial burden of informing the court of the

20  basis of its motion and identifying those portions of the pleadings, depositions, answers to

21  interrogatories, and admissions on file, together with the affidavits, if any, that it believes

22  demonstrate the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S.

23  317, 323 (1986).

24         Where the moving party has met its initial burden with a properly supported motion, the

25  party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ...

26  ORDER - 4

1    must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at

2    248.  The non-moving party may do this by use of affidavits, depositions, answers to

3    interrogatories, and admissions.  <u>Id</u>.  Only disputes over facts that might affect the outcome of the

4    suit under the governing law are "material" and will properly preclude entry of summary judgment.

5    <u>Anderson</u>, 477 U.S. at 248.

6         At the summary judgment stage, the judge's function is not to weigh the evidence or

7    determine the truth of the matter, but to determine whether there is a genuine issue for trial.

8    <u>Anderson</u>, 477 U.S. at 249-50.

9         The Court finds that Aacres/Allvest, LLC, has met its burden.  Plaintiffs have not raised any

10   genuine issue of material fact in response to summary judgment and the law supports judgment in

11   favor of Defendant Aacres/Allvest, LLC.  Although the settlement agreement in the Pierce County

12   litigation released Aacres/Allvest from any liability to Plaintiffs, it also released the unnamed party,

13   Acres Landing, Inc., from liability.  Aacres/Allvest had denied it was the proper party in the Pierce

14   County litigation, and in conjunction with the other overwhelming evidence, Plaintiffs cannot rely

15   on Aacres/Allvest inclusion in the settlement agreement as evidence that Aacres/Allvest is the

16   proper Defendant in the present action.

17        The Defendant has established that Aacres/Allvest, LLC did not have a contract with the

18   State of Washington, or any other entity, that obligated it to provide any services to Dana L Singley,

19   and that Aacres/Allvest, LLC did not provide services to Dana Louise Singley at any time relevant

20   to the allegations in the Complaint.  Thus, Aacres/Allvest, LLC cannot be held liable for alleged

21   acts arising out of the termination of services.  Accordingly, the Court finds that no reasonable jury

22   could find for the Plaintiffs against Defendant Aacres/Allvest, LLC.,  in this matter.  Aacres/Allvest

23   is entitled to summary judgment.

24

25

26   ORDER - 5

1                                           **Fed R. Civ. P. 56(f)**

2         Plaintiffs argue that summary judgment should be continued to allow additional discovery

3 into the true corporate identity of the Defendant Aacres/Allvest, LLC.

4         Fed R. Civ. P. 56(f) provides that if a party opposing a motion for summary judgment shows

5 by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the

6 court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained,

7 depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

8         To warrant a denial or a delay in judgment pursuant to Rule 56(f), the requesting party must

9 show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery,

10 (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment.

11 Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

12 Factors courts have considered in granting motions pursuant to Rule 56(f) include: (1) a summary

13 judgment motion made early in the litigation before relevant discovery could be completed; (2)

14 discovery having been stayed by court order; (3) the case involves complex facts requiring

15 additional discovery; (4) the material facts are within the exclusive knowledge of the moving party;

16 (5) discovery requests are currently outstanding to the moving party; and (6) the motion raises new

17 and unanticipated issues.  See Garrett v. San Francisco, 818 F.2d 1515 (9th Cir.1987), DiMartini v.

18 Ferrin, 889 F.2d 922 (9th Cir. 1989).  Where a summary judgment motion is filed so early in the

19 litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory

20 of the case, district courts should grant and Rule 56(f) motion fairly freely.  Burlington N. Santa Fe.

21 R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, Montana, 323 F.3d 767, 773 (9th

22 Cir. 2003).  However, summary judgment will not be delayed where the facts sought appear

23 irrelevant, cumulative, or futile.  See Burlington N. Santa Fe. R.R., at 774.  The district court has

24 the discretion to deny further discovery "if the movant has failed diligently to pursue discovery in

25 the past, or if the movant fails to show how the information sought would preclude summary

26 ORDER - 6

1    judgment." <u>Cal. Union Ins. Co. v. Am. Diversified Sav. Bank</u>, 914 F.2d 1271, 1278 (9th Cir. 1990).

2        Plaintiffs have failed to meet the criteria that would warrant a continuance of the summary

3    judgment proceedings.  Plaintiffs have failed to provide in affidavit form the specific facts it hopes

4    to elicit from further discovery, (2) that the facts sought exist, and (3) that the sought-after facts are

5    essential to oppose summary judgment.  Further, it appears that the facts necessary to make the

6    determination as to the identity of the proper defendant were readily available to Plaintiffs.  It also

7    appears that any additional discovery would be futile in contesting  Aacres/Allvest, LLC.'s motion

8    for summary judgment.

9        Accordingly, the Court will not continue the motion for summary judgment to permit

10   additional discovery.

11                                **Conclusion**

12       Accordingly, it is hereby **ORDERED** that the Motion for Summary Judgment Dismissing

13   Defendant Aacres/Allvest, LLC [Dkt. 16] is **GRANTED**.

14

15       DATED this 28th day of July, 2010.

16

17       _____
                    RONALD B. LEIGHTON

18                  UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26   ORDER - 7