UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDY SINGLEY, individually and as Guardian for DANA LOUISE SINGLEY,<br><br>Plaintiffs,<br><br>v.<br><br>AACRES/ALLVEST, LLC, a Limited Liability Corporation, and the STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF DEVELOPMENT DISABILITIES,<br><br>Defendants. | Case No. C09-5443 RBL<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiffs' motion to amend complaint to add a proper party. The Defendants have not filed a response to the motion. The Court has considered the pleadings filed in support of the motion, and the remainder of the file, and **GRANTS** the motion as discussed herein.

**Introduction and Background**

Plaintiff Dana Louis Singley is severely developmentally disabled. Plaintiff Judy Singley is the mother and legal guardian of Dana. The Plaintiffs' allege that Ms. Singley lived as a resident of Defendant Aacres/Allvest, LLC's facility located at 4004 67th Street, Tacoma, Washington; that

ORDER - 1

Aacres/Allvest was in charge of the care and protection of Ms. Singley in the supported living facility; that on June 22, 2007, Aacres/Allvest wrongfully terminated Ms. Singley's services, thereby breaching an agreement between the Washington State Department of Social and Health Services and Aacres/Allvest, and violating Title II of the Americans with Disabilities Act, the Rehabilitation Act of 1973, the Medicaid Act, 42 U.S.C. § 1983, public policy against retaliatory eviction for exercise of free speech, and a fiduciary duty owed by Aacres/Allvest to Ms. Singley.

In the Answer to Plaintiff's Complaint, Defendant Aacres/Allvest notified Plaintiffs that they had misidentified the proper Defendant. Plaintiffs were informed that the services provided to Dana Louise Singley that are the subject of the complaint were provided by Aacres Landing, Inc., the termination of those services was done by Aacres Landing, Inc., and the notice of termination of Ms. Singley's services was signed by the executives of Aacres Landing, Inc.

On July 28, 2010, this Court granted Aacres/Allvest, LLC's motion for summary judgment dismissing the action against it as a misidentified party.

Plaintiffs move to amend their complaint to name Aacres Landing, Inc., as a party defendant. The Defendants have not responded to the motion.

**Legal Standard on Motion to Amend**

Fed. R. Civ. P. 15(a) allows for amendments by leave of court despite the lack of written consent from the adverse party. While the district court maintains the discretion to decide whether to grant or deny a motion to amend, the Rule specifies that such "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). See *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). In exercising its discretion, a court must be guided by the underlying purpose of Rule 15 - to facilitate a decision on the merits rather than on the pleadings or technicalities. Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

ORDER - 2

Some limitations exist on this extremely liberal policy favoring amendments. Motions to amend may be denied for the following reasons: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *United States v. SmithKline Beecham*, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001). Generally, this determination should be performed with all inferences in favor of granting the motion. *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend. *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Defendants have not filed an objection to the motion to amend the complaint. Thus, they have not met the burden of showing prejudice or futility. Further, this Court's scheduling order provides a cutoff date for filing amended pleadings as October 10, 2010. Dkt. 14.

Although there appears to have been a delay in seeking the amendment, the Court does not find an undue delay. There is no indication of bad faith or dilatory motives, and no undue prejudice to the Defendants has been shown. This being the case, the Court will grant the motion to amend the complaint.

**Conclusion**

Accordingly, it is hereby **ORDERED** that the Motion to Amend Complaint [Dkt. 28] is **GRANTED**.

DATED this 30th day of August, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3