HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDY SINGLEY, individually and as Guardian for DANA LOUISE SINGLEY,<br><br>Plaintiffs,<br><br>v.<br><br>AACRES/AALVEST, LLC, a Limited Liability Corporation, and the STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, DIVISION OF DEVELOPMENT DISABILITIES,<br>                    Defendants. | Case No. C09-5443RBL<br><br>ORDER DENYING DEFENDANT AACRES LANDING, INC.'S MOTION FOR SUMMARY JUDGMENT |

Introduction

This Motion is before the Court on Defendant Aacres Landing, Inc.'s Motion for Summary Judgment. Plaintiff Dana Singley, a developmentally disabled person, lived as a resident for eight years at an Aacres facility in Tacoma, Washington. The facility provided 24-hour supervision of disabled persons. Dana was raped after wandering from the facility one night. Plaintiff Dana and Plaintiff Judy Singley, Dana's mother and guardian, brought a claim against Aacres/Allvest, LLC, for negligent supervision. That claim was settled on May 25, 2007. On June 22, 2007, the Aacres facility terminated Dana's services.

In response, Plaintiffs filed a complaint against Aacres/Allvest, LLC, alleging violations of the Civil Rights Act under 42 U.S.C. §1983, the Americans With Disabilities Act (ADA), the Rehabilitation Act of 1973 (Rehab Act), the Medicaid Act, and the public policy against retaliation. Plaintiffs further allege claims for breach of fiduciary duty/special relationship and breach of contract. Aacres/Allvest was dismissed from the case because it was not the proper party. [Dkt. #25]. Plaintiffs subsequently added Aacres Landing, Inc. as a defendant. Aacres Landing now moves for summary dismissal of all Plaintiffs' claims, except for the breach of contract claim. Aacres Landing argues that the following claims are time-barred: violations of the ADA, the Rehab Act, the Civil Rights Act, the public policy against retaliation, and the breach of fiduciary duty. Aacres Landing also argues that the Medicaid Act does not apply to it because Aacres Landing is a private corporation.

## Facts

Plaintiff Dana Louis Singley is severely developmentally disabled. Plaintiff Judy Singley is the mother and legal guardian of Dana. For eight years, Dana Singley was a resident at the Aacres Landing facility in Tacoma, Washington. The facility provided 24-hour supervision of its residents.

On July 30, 2003, Dana was raped after wandering from the facility. She later sued Aacres/Allvest, LLC under a theory of negligent supervision. The parties settled the case on May 25, 2007. During that litigation, Aacres/Allvest stated that it was not in charge of the care or protection of Dana, and also stated that it did not provide supported living services in Pierce County. Aacres/Allvest further stated that it did not exercise any control over Dana or her living space. Nevertheless, the settlement agreement was executed on behalf of the named Defendant, Aacres/Allvest, LLC, and also on behalf of the proper party, Aacres Landing, Inc.

On June 22, 2007, shortly after the settlement, the Aacres facility informed Judy that it would no longer serve Dana, and that Dana had to leave within 72 hours. In response, Plaintiffs filed another complaint against Aacres/Allvest, LLC.

Plaintiffs filed their complaint in Pierce County Superior Court on April 16, 2009. The case was subsequently removed to this Court on July 21, 2009. On June 30, 2010, Aacres/Allvest moved for summary dismissal of all claims against it. Aacres/Allvest argued that it was not a proper party because it did not provide any services to Plaintiff Dana Singley; it claimed that Aacres Landing provided those

services. The Court agreed, and on July 28, 2010, the Court granted Aacres/Allvest's summary judgment motion. [Dkt. #25].

Plaintiffs subsequently filed an amended complaint on September 1, 2010, naming Aacres Landing, Inc. as a defendant. Aacres Landing now moves for summary dismissal of six of Plaintiffs' claims against it, arguing that those claims are time-barred because the date of the amended complaint does not relate back to the date when the original complaint was filed.

## Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## Discussion

**1.    Plaintiffs' claims are subject to a three year statute of limitations.**

Under federal law, a claim accrues when a plaintiff knows, or should know, of the injury which is the basis of the cause of action. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000). Plaintiffs' claims are based on Dana's removal from the Aacres facility. On June 22, 2007, Plaintiff Judy learned that Dana's services would be terminated, so Plaintiffs' claims began accruing on that date. All of Plaintiffs' claims are governed by a three-year statute of limitations.[1] Thus, the statute of limitations

---

[1] The ADA, the Rehab Act, and §1983 do not contain provisions for statutes of limitations. For these claims, the court applies the statute of limitations of analogous state law. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1140 (9th Cir. 2000); *Alexopulos v. San Fransisco*, 817 F.2d 551, 554 (9th Cir. 1987); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). The analogous state law is governed by RCW 4.16.080, which provides a three year statute of limitations on personal injury actions. Plaintiffs' public policy violation claim is part of Plaintiffs' §1983 claims. *See White v. State*, 131 Wn.2d 1 (1997)(First amendment retaliation claim

ran on Plaintiffs' claims on June 22, 2010.  Plaintiffs filed their original complaint on April 16, 2009, well within the limitations period.  However, Plaintiffs did not add Aacres Landing, the correct party, until September 1, 2010.  Plaintiffs' claims against Aacres Landing are therefore time-barred unless those claims relate back to the date of the original complaint.

> **2. Plaintiffs' claims relate back to the date of the original complaint because Aacres Landing knew, or should have known, that Plaintiffs would have brought this action against it, but for a mistake concerning its identity.**

An amendment to a pleading relates back to the date of the original pleading when:

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.  The parties do not argue over whether Rule 15(c)(1)(B) is satisfied or whether Aacres Landing received notice of the action.  Instead, the resolution of this Motion turns on whether Aacres Landing knew, or should have known, within the Rule 4(m) period (120 days), that Plaintiffs would have named it as a defendant in the original complaint, but for a mistake.  *Id.*; *Kilkenny v. Arco Marine, Inc.*, 800 F.3d 853, 857 (9th Cir. 1986).  *See Also* Fed. R. Civ. P. 4(m).

Plaintiffs filed their original complaint against Aacres/Allvest on April 16, 2009. [Dtk. #1]. Plaintiffs made the following allegations:

1. For eight years, Dana lived as a resident at the Aacres facility.
2. Aacres was in charge of the care and protection of Dana.
3. Aacres unecessarily terminated Dana's services.

Based on these allegations, Aacres Landing knew, or should have known, that Plaintiffs were seeking relief against whomever was in charge of the care and protection of Dana, and whomever terminated Dana's services.

Aacres Landing asserts that within 120 days of filing their complaint, Plaintiffs knew that Aacres Landing was the correct party.  Aacres Landing therefore argues that Plaintiffs did not make a mistake by omitting it as a defendant.  However, Plaintiffs assert that they believed Aacres/Allvest was the correct

---

governed by 42 U.S.C. §1983). Plaintiffs breach of fiduciary duty claim is also subject to a three year statute of limitations. RCW 4.16.080(2).

party based on the interactions between Plaintiffs and Aacres/Allvest.  First, Aacres/Allvest participated in the settlement agreement regarding Plaintiffs' previous negligent supervision claim.  Second, Dana's eviction notice was sent from an Aacres/Allvest email address.  Third, a letter on Aacres/Allvest letterhead was sent to the Division of Developmental Disabilities informing it of Dana's eviction.  These facts could have led Plaintiffs to reasonably believe that Aacres/Allvest was the party in control of Dana's care, or that Aacres/Allvest at least had the power to speak for whomever provided that control.  Acres Landing further argues that Plaintiffs may have omitted it for strategic purposes.  But there was no tactical advantage to be gained by omitting the correct party in this case.  Aacres Landing understood the nature of the Plaintiffs suit, and was familiar with the underlying incident.  Therefore, Aacres Landing should have known that Plaintiffs would have brought suit against it, but for the Plaintiffs' mistake that Aacres/Allvest was the correct party.

Furthermore, Fed. R. Civ. P. 15 is liberally construed, especially if the opposing party is not prejudiced. *See Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 361 (9th Cir. 1966).  Indeed, "the general purpose of the [federal] Rules [is] to minimize technical obstacles to a determination of the controversy on its merits," *G.F. Co. v. Pan Ocean Shipping Co., Ltd.* 23 F.3d 1498, 1502 (9th Cir. 1994) (*Quoting United States ex rel. Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir.1963)).  Here, allowing relation back under rule 15(c) will allow this case to proceed on the merits.  There is also no evidence that Aacres Landing will be prejudiced by such a ruling.  Aacres Landing and Aacres/Allvest are closely related companies.  In fact, Rex Garret acted as CEO for both entities.  Although Plaintiffs could have identified and added Aacres landing at an earlier time, the Court will not prevent Plaintiffs from proceeding on the merits.  Defendant's Motion for Summary Judgment is DENIED on all claims, except for Plaintiffs' claim for violation of the Medicaid Act.

> **3.    Any claim against Aacres Landing for an alleged violation of the Medicaid Act fails because 42 U.S.C. §1396a does not apply to private corporations.**

Plaintiffs allege a claim for violation of the Medicaid Act, 42 U.S.C. 1396a.  It is not clear whether Plaintiffs actually state that claim against Accres Landing, but in any case, that statute does not apply to private corporations.  Any such claim against Aacres Landing therefore fails as a matter of law.

1  Defendant's Motion for Summary Judgment as to Plaintiffs' claim for violations of the Medicaid Act is
2  GRANTED.  That claim is DISMISSED WITH PREJUCICE as to Aacres Landing, Inc.
3      Dated this 10th day of December, 2010.

                         /s/ Ronald B. Leighton
                         RONALD B. LEIGHTON
                         UNITED STATES DISTRICT JUDGE